IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tequan L. Brown,                                 )<br>                                                         )<br>                 Plaintiff,      )<br>                                                         )<br>v.                                                      )<br>                                                         )<br>Andy Strickland, *Sheriff*; Jodie Taylor, )<br>*Captain, Colleton Co. Sheriff's Ofc.*; Colleton )<br>County Sheriff's Office,                   )<br>                                                         )<br>                Defendants.  )<br>_____) | C/A No. 0:15-01251-TMC-PJG<br><br><br>**ORDER** |

Plaintiff Tequan L. Brown, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on various motions filed by Brown. (ECF Nos. 33, 42, 43, 44, 53.)

**A.     Motion for Discovery**

Brown files a document entitled "Motion for Subpoenas" in which he appears to seek discovery documents from the defendants in this matter. (ECF No. 33.) In his reply to this motion, Brown clarifies that he is also seeking trial subpoenas. The defendants respond in opposition, arguing that, to the extent Brown's motion could be construed as requests for production, it is nonetheless untimely pursuant to the Scheduling Order in this matter.

As an initial matter, Brown is advised that absent a dispute, the court generally does not enter the discovery process. To the extent that Brown requests the production of discovery documents from the defendants in this matter through the issuance of subpoenas, his motion is denied, as such relief is available through the normal course of discovery. See generally Fed. R. Civ. P. 26 through

Page 1 of 4

*PJG*

37. Moreover, even if the court were to construe Brown's motion for subpoenas as a proper request for production of documents from the defendants, it is denied as untimely filed pursuant to the Scheduling Order in this matter. To the extent Brown seeks issuance of trial subpoenas, his request is denied as premature without prejudice to refile his motion at the appropriate stage of litigation. (ECF No. 33.)

**B.     Motions Requesting Copies**

Brown requests that the court provide him with copies of documents from a previous civil matter. (ECF Nos. 43 & 44.) While Brown was granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915, this status exempts litigants from paying the filing fees in full at the time the lawsuit is filed; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions. See, e.g., In re Richard, 914 F.2d 1526 (6th Cir. 1990) (stating that the granting of *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense").

Brown is advised that he may request copies of documents from the Clerk of Court and provide the Clerk of Court with a check or money order for the appropriate amount, along with a self-addressed stamped envelope, in accordance with the policies of the United States District Court for the District of South Carolina.

Accordingly, Brown's request for free copies is denied. (ECF No. 43 & 44.)

C.  **Motion for Testing**

Brown files a motion in which he requests that the United States Marshals Service take photographs of the Colleton County jail. He further requests that an asbestos test be performed on the Colleton County Detention Center. (ECF No. 42.)

To the extent Brown requests that the court order an investigation or direct another agency to assist him in proving his case, such request is denied. See Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). To the extent Brown requests that the court itself request testing of the conditions at Colleton County facilities, such request is denied, as it is inappropriate for the court to engage in independent factual investigation. See Rasberry v. Spradling, 558 F.2d 257, 257 (5th Cir. 1977) (holding that the district court's acceptance of a recommendation to dismiss did not comport with the Federal Rules of Civil Procedure or governing case law where the magistrate judge did not rule on the sufficiency of the complaint but rather conducted an independent, *ex parte* factual investigation, including interviews of one or more witnesses). Accordingly, Brown's motion is denied. (ECF No. 42.)

D.  **Motion for Appointment of Counsel**

Brown requests appointed counsel in this matter, explaining that it is difficult for him to litigate his case while incarcerated. (ECF No. 53.) There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United



States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).  However, such discretion "should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel.  Id.  Accordingly, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.  (ECF No. 53.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2015
Columbia, South Carolina