IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tequan L. Brown, ) | C/A No. 0:15-01251-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Andy Strickland, *Sheriff*; Jodie Taylor, ) | |
| *Captain, Colleton Co. Sheriff's Ofc.*; Colleton ) | |
| County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Tequan L. Brown, a self-represented pretrial detainee, filed this action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 64.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Brown of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 65.) Brown filed a response in opposition to the motion.[1] (ECF No. 67.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

---

[1] Several months after filing their motion for summary judgment, the defendants moved to amend their motion to include exhibits that were referenced within the motion but were inadvertently not included with their filing. (ECF No. 69.) The court granted the defendants' motion and gave Brown additional time in which to supplement his response, should he so desire. (ECF No. 70.) However, Brown elected not to do so.



**BACKGROUND**

Brown alleges that, while housed at the Colleton County Detention Center, he was subjected to confinement in his cell for twenty-three hours per days, six days a week. Brown also alleges claims of unconstitutional conditions of confinement regarding his cell and the shower. Additionally, Brown alleges that he was denied due process when he was put on lock down for thirty days without notice or a hearing. Finally, Brown alleges that his personal mail has been withheld, affecting his access to the court, and that he has been denied access to local and world news through television and newspapers. (See generally Am. Compl., ECF No. 30.)

**DISCUSSION**

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

The defendants argue that Brown failed to exhaust his administrative remedies with regard to his claims. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). This requirement also applies to pretrial detainees. See 42 U.S.C. § 1997e(h) (defining "prisoner" for PLRA purposes as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such



administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

According to state law, every detention center in the state of South Carolina is subject to an annual inspection by the Jail and Prison Inspection Division of the South Carolina Department of Corrections ("SCDC"). See S.C. Code Ann. §§ 24-9-10, -20. Pursuant to this statute, the South Carolina Association of Counties established standards found in a document entitled "Minimum Standards for Local Detention Facilities—Type II and/or IV Facility City, County, or Regional Jail

and/or Combined Jail/Prison Camp"[2] (the "Minimum Standards"), which was adopted by SCDC. The Minimum Standards provide that a written grievance procedure shall be made available to every inmate and outline the required provisions. See Attach. A. The defendants provide affidavit testimony from Defendant Jodi Taylor—the Jail Administrator at the Colleton County Detention Center during the relevant time period—who avers that the Colleton County Detention Center's grievance process is detailed in the "CCDC Inmate Manual and Code of Conduct." (Taylor Aff. ¶ 33, ECF No. 64-2.) Taylor further avers that, if an inmate files a grievance and is not satisfied with its resolution, as part of the standard grievance process the inmate may appeal his grievance within five business days of receiving the response. (Id.)

Taylor testifies that Brown filed grievances with regard to many of the claims alleged in the instant Complaint. Specifically, Brown filed a grievance on April 17, 2014 in which he complained about the amount of time he was allowed for recreation; a grievance on June 10, 2014 complaining about the visitation and recreation schedule as implemented in May 2014; an August 28, 2014 grievance alleging a bug in his food; and several grievances and correspondence between November 8-12, 2014 regarding Brown's being charged with a disciplinary offense and complaint that he was not receiving his personal mail.[3] (Id. ¶¶ 27, 34, 40, 46, 52, 56, ECF No. 64-2 at 3-7.) Taylor avers

---

[2] Relevant portions of this document are attached hereto as Attachment A. To access the full document, see http://www.sccounties.org (choose "Publications," then choose "Jail Standards," then follow the "Minimum Standards for Local Detention Facilities" hyperlink) (last visited May 31, 2016).

[3] To the extent Brown attempted to file a group grievance with other detainees in the detention center, Taylor avers that no response was provided as the detention center grievance procedure specifically does not accept any grievance filed by a group on behalf of more than one inmate. (Taylor Aff. ¶¶ 65-67, ECF No. 64-2 at 7-8.)



that she provided written responses to all of Brown's grievances but that Brown did not appeal any of her responses. (Id. ¶¶ 26, 29, 32, 36, 39, 41, 42, 54, 57, ECF No. 64-2 at 3-7.)

In response to the defendants' motion, Brown argues that he filed grievances, "correspondence, and Jail Request to Staff" concerning all the constitutional violations alleged in his Complaint.[4] (Pl.'s Resp. Opp'n Summ. J., ECF No. 67 at 4.) However, Brown summarily argues that the detention center does not have a "Step 2 grievance system" that would allow him to appeal an initial grievance. (Id. at 5.) Additionally, he argues that even if the detention center had a procedure to appeal a grievance, it would be biased. (Id.)

Brown's unsupported assertions are insufficient to refute the defendants' evidence that an appeal procedure was available to Brown and that he did not avail himself of such a procedure. Further, no evidence has been presented suggesting that the defendants prevented Brown in any manner from filing grievances or availing himself of the appeal process. Cf. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). Accordingly, the only evidence in the record establishes that Brown did not properly exhaust his administrative remedies with regard to the claims raised in his Complaint. See Woodford, 548 U.S. at 90; Jones, 549 U.S. at 218.

---

[4] The defendants argue that Brown failed to file an initial grievance as to some of his claims, such as his allegations with regard to his cell and shower conditions and his access to television news and newspapers. (Taylor Aff. ¶ 61, ECF No. 64-2 at 7.) However, as discussed herein, it is undisputed that Brown did not appeal any grievance that he filed. Accordingly, even if Brown filed grievances with regard to all of his allegations, as he argues, he has still failed to properly exhaust his administrative remedies with regard to any claim.



# RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion be granted (ECF No. 64) and Brown's claims be dismissed without prejudice for failure to exhaust his administrative remedies.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 31, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).