IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Tequan L. Brown, | ) | |
| | ) | C/A No. 0:15-1251-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Andy Strickland, Jodie Taylor, | ) | |
| Matthew Walker, and Colleton | ) | |
| County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tequan L. Brown ("Brown"), an inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment. (ECF No. 64).[1] Brown filed a response to Defendants' motion (ECF No. 34). On May 31, 2016, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that Defendants' Motion to Dismiss or for Summary Judgment Motion be granted. (ECF No. 75). Brown timely filed objections. (ECF No. 77). Defendants filed a reply to Brown's objections. (ECF No. 79). Brown has also filed a motion to make the attachments he filed with his complaint in another case, C/A No.0:14-cv-1759, a part of the record in the instant action, and motions to compel and for a hearing. (ECF No. 78, 82, and 83).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

---

[1]Defendants subsequently amended their summary judgment motion to add exhibits which had been inadvertently omitted. (ECF Nos. 69, 70). The magistrate judge gave Brown time to supplement his response (ECF No. 70), but he did not file any supplemental response. (Report at 1 n.1).

court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Facts/Background

In his Complaint, Brown, a pretrial detainee at the Colleton County Detention Center ("CCDC"), alleges constitutional claims relating to the conditions of his confinement. Specifically, he alleges he has been confined to his cell for 23 hours a day, six days a week, and a full 24 hours one day a week without any cause. (Compl. at 3-4, 5, 6, 7). He alleges the showers are not clean and, that while in his cell, he is exposed to rust, dust, and black mold due to an inadequate ventilation system. (Compl. at 5). He also alleges that he has not had access to his attorney and his attorney has been negligent by violating his speedy trial rights and his rights to life and liberty. (Compl. at 6, 7). Finally, he alleges his personal mail has been withheld and that he has been denied access to a phone, television, radio, and newspapers. (Compl. at 7). He seeks an investigation of the CCDC by the Department of Justice, the dismissal of all indictments against him, the impeachment of Sheriff Andy Strickland, and damages. (Compl. at 8).

## II. Standard of Review and Applicable Law

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth,* 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Booth,* 532 U.S. at 741.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005).

"[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only available administrative remedies be exhausted. And a grievance procedure is not available if prison officials prevent an inmate from using it. See *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

### III. Discussion

Defendants moved for summary judgment arguing Brown failed to exhaust his administrative remedies. (ECF No. 64). The magistrate judge found that Brown had not exhausted his administrative remedies because he failed to file any appeal of his Step One grievances, and recommended that the Defendants be granted summary judgment. (Report at 6-7). In his objections, Brown acknowledges that there is a two-step grievance procedure. (Objections at 3).[2] However, he argues that Captain Jodi Taylor, the administrator of the CCDC, rendered decisions on Brown's Step One grievances and that those decisions are the highest and final decisions from the CCDC. (Objections at 3, 4). And if he appealed a grievance, "he would only get the same response because that grievance would [also] go before Captain Jodi Taylor." (Objections at 4). Therefore, he argues he has received a decision from the highest level at the CCDC before he filed this action. (Objections at 6).[3]

In their Reply to Brown's Objections, Defendants state that Capt. Taylor would not have handled the appeal of any Step One grievance. (ECF No. 79 at 2, Reply at 2). They state that Capt. Taylor's immediate superior, Major Jamison, who would have handled any appeals. *Id.*

---

[2] The CCDC grievance process states that if an inmate is not satisfied with the resolution of his initial grievance, he can file an appeal within five days. (ECF no. 64-2 at 4).

[3] Brown also argues that the magistrate judge erred in finding he did not file a Step One grievance on some claims. (Objections at 5-6). Even if the magistrate judge erred in finding that Brown had not filed a Step One grievance, there is no dispute that Brown has not filed a Step Two grievance as to any claims.

4

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Plaintiff Brown's objections are without merit and adopts the Report. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 64) is **GRANTED**, and this action is **DISMISSED**. Further, Plaintiff's pending motions (ECF Nos. 78, 82, and 83) are **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 8, 2016
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5